IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **THOMAS WILLIAMS,** | Civil No. 09-3026-CL |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| **CITY OF MEDFORD; LEVI MOFFITT; and GREG LEMHOUSE,** | |
| Defendants. | |

CLARKE, Magistrate Judge:

## INTRODUCTION

Plaintiff Thomas Williams brings this action alleging claims for violation of his civil rights and a pendent state claim for wrongful arrest. Plaintiff seeks general damages, punitive damages, and costs and expenses, including attorney fees. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. The action was stayed pending the outcome of Plaintiff's appeal in state court. Following appeal, Defendants filed a motion for summary judgment (#14) to which Plaintiff has responded. For the reasons set forth below, Defendants' motion should be denied.

Report and Recommendation - 1

## STANDARD FOR SUMMARY JUDGMENT

Pursuant to Rule 56(c), summary judgment "should be rendered, if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party must carry the initial burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The moving party meets this burden by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material fact. Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts which show there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 & n.4 (1986). Summary judgment should be

Report and Recommendation - 2

granted for the movant, if appropriate, in the absence of any significant probative evidence tending to support the opposing party's theory of the case. Fed. R. Civ. P. 56(e); THI-Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991, 993-94 (9th Cir. 1980); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076.

## FACTUAL BACKGROUND

Defendant Levi Moffitt, a patrol officer for defendant City of Medford, on March 19, 2009, at approximately 2:50 a.m., was investigating an alarm call at 1723 W. Main Street, Medford, Oregon. An unknown person had broken out a large portion of glass in the front door of the business. Officer Moffitt broke out additional glass in the door and entered the business with his canine. Another officer handled the further investigation. Plaintiff Thomas Williams was working close to this business as a delivery van driver for the Medford Mail Tribune newspaper. Plaintiff approached Officer Moffitt after he returned to his patrol car. Officer Moffitt explained that someone had broken out the glass in the front door, and the police had received an alarm call.

Plaintiff remained concerned about the property owner's rights and therefore called 9-1-1 about 30 minutes later from a pay phone at an Alberton's grocery store down the street. Officer Moffitt responded to this 9-1-1 call. Plaintiff explained that he had seen officer Moffitt break the glass on the door of the business, accused him of conducting an unlawful search, and requested

Report and Recommendation - 3

to speak to his supervisor. Officer Moffitt again explained that he was responding to an alarm call. Officer Moffitt informed Plaintiff that calling 9-1-1 in a situation that was not an emergency is a crime and Plaintiff could go to Jail. Plaintiff stated he understood. Defendant Sergeant Greg Lemhouse responded to the scene and explained that what Plaintiff was reporting was not an emergency. Officer Moffitt arrested Plaintiff Thomas Williams for Improper Use of Emergency Reporting System, or Improper Use of 9-1-1, ORS 165.570, which is a misdemeanor. ORS 165.570 provides in pertinent part that:

> (1) A person commits the crime of improper use of an emergency reporting system if the person knowingly:
>     (a) Calls a 9-1-1 emergency reporting system . . . for the purpose other than to report a situation that the person reasonably believes requires prompt service in order to preserve human life or property; . . .
> (3) Improper use of an emergency reporting system is a Class A misdemeanor.

Plaintiff was lodged in the Jackson County Jail before being released. The Jackson County District Attorney later reduced the charge to a violation.

On June 25, 2007, Plaintiff was convicted of the violation. The judgment states in relevant part:

> It is adjudged that the defendant has been convicted on the following count(s):
>
> **<u>Count 1: Improper Use of an Emergency Reporting System</u>**
>
> Count number 1, Improper Use of an Emergency Reporting System, ORS 165.570, a Class A Misdemeanor reduced to a Class A Violation, DA Elect, committed on or around 03/19/2007.
>
> Conviction is based upon a Court Verdict of guilty on 06/25/2007.

(Meisen-Vehrs Aff. Ex. 104.) Plaintiff received a fine in the amount of $300. The Oregon Court

Report and Recommendation - 4

of Appeals affirmed Plaintiff's conviction without opinion on April 8, 2009. The Oregon Supreme Court denied Plaintiff's petition for review on September 17, 2009.

Plaintiff filed this case alleging deprivation of his civil rights in violation of 42 U.S.C. § 1983. Plaintiff alleges the following constitutional violations: Count 1- Equal Protection, Count 2 - First Amendment Rights of Speech and Petition, and Count 3- Fourth Amendment Unreasonable Seizure Without Probable Cause. Plaintiff includes a pendent state claim for False Arrest. Defendants filed this motion for summary judgment contending that, based upon the state court conviction, all of Plaintiff's claims are barred. They contend that Plaintiff's federal claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), and claim preclusion, and that his state claim is barred by state common law.

## ANALYSIS

### 1. Heck v. Humphrey

In Heck v. Humphrey, 512 U.S. 477 (1994), Plaintiff inmate brought a §1983 action against county prosecutors and state police investigator alleging that his criminal conviction violated his constitutional rights. The district court dismissed the case, which was affirmed by the Seventh Circuit. The Supreme Court accepted review and affirmed, finding that Plaintiff's criminal conviction barred his § 1983 damages action that, in effect, challenged the legality of his confinement. The court specifically held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that

Report and Recommendation - 5

relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted).

Defendants contend that Heck applies to bar all of Plaintiff's § 1983 damages claims. This court disagrees. Heck applies to criminal convictions that result in confinement or other collateral consequences where habeas relief is available. Nonnette v. Small, 316 F.3d 872, 875-77 (9th Cir. 2002) (and cases cited); Nickerson v. Portland Police Bureau, Civil No. 08-217-HU, 2008 WL 4449874, at *7-*8 (D. Or. Sept. 30, 2008) (where civil rights plaintiff who was fined upon conviction for traffic violation and had no habeas remedy available and no collateral consequences stemming from the conviction, Heck did not bar § 1983 equal protection claim) (and cases cited); see Medeiros v. Clark, 713 F. Supp.2d 1043, 1053-56 (E.D. Cal. 2010). There is no criminal conviction in this case and no collateral consequences. This is also not a prisoner disciplinary case challenging the duration of sentence where Heck has been found to apply. See, e.g., Sheldon v. Hundley, 83 F.3d 231, 233-34 (8th Cir. 1996).

ORS 161.566 allows a County prosecutor to reduce a misdemeanor to a violation. See ORS 153.008(1)(d). The legislature intended a violation proceeding at the election of the prosecutor to be a civil proceeding. State v. Page, 200 Or. App. 55, 61, review denied, 339 Or. 450 (2005). The State need only prove a violation by a preponderance of the evidence, ORS 153.076(2); there is no right to a jury trial, ORS 153.076(1); and there is no right to appointed

Report and Recommendation - 6

counsel, ORS 153.076(5). ORS 153.008(2), in fact, provides that, "[c]onviction of a violation does not give rise to any disability or legal disadvantage based on conviction of a crime." This court specifically finds that plaintiff's prosecution was not "criminal in nature" although he was prosecuted on a violation. The court has considered the four factors set forth in State v. Selness, 334 Or. 515, 536 (2002). Those include the criminal nature of pretrial procedures, the criminal nature of the penalty, the public stigma of conviction, and collateral consequences. These factors point against finding that Plaintiff's prosecution was criminal in nature. See State v. Hewitt, 206 Or. App. 680 (2006). Although there was some pretrial procedures that were criminal in nature such as arrest, detention, and a suppression hearing, the other factors all point to the civil nature of the prosecution. Certain of Plaintiff's statements at the scene were suppressed on Miranda grounds. There is no criminal conviction in this case and Heck does not apply to bar Plaintiff's § 1983 damages claims in this case. There is no support in the record that if Plaintiff were successful with his claims in this case, it would "demonstrate the invalidity of any outstanding criminal judgment against the plaintiff." Heck, 512 U.S. at 487. "An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." United States v. Crews, 445 U.S. 463, 474 (1980). "A First-Amendment retaliation claim does not pose the threat of a collateral attack on the wrongfulness of a criminal conviction; it guards against official reprisal for protected speech." Mata v. Anderson, 685 F. Supp.2d 1223, 1264 (D.N.M. 2010). Plaintiff's Equal Protection claim similarly does not threaten the violation conviction.

      Defendants' motion for summary judgment on the ground that plaintiff's § 1983 claims are barred by Heck v. Humphrey should be denied.

Report and Recommendation - 7

## 2. Claim Preclusion and Collateral Estoppel

The United States Supreme Court in Allen v. McCurry, 449 U.S. 90 (1980), held that collateral estoppel, or issue preclusion, applies to actions brought under § 1983. The Court held that, under the Full Faith and Credit Act, 28 U.S.C. § 1738, collateral estoppel could preclude relitigation of issues of fact or law decided and necessary to a state court judgment in a later § 1983 suit involving a party to the first case. See Haring v. Prosise, 462 U.S. 306 (1983). In Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75 (1984), the Court held that res judicata, or claim preclusion, applies to § 1983 actions. Noting that a majority of federal courts which have ruled on the question apply claim preclusion, the court held that claim preclusion could preclude litigation of federal issues that a § 1983 litigant could have raised, but did not raise, in a prior state court proceeding. Scoggin v. Schrunk, 522 F.2d 436 (9th Cir. 1975); Hawkins v. Risley, 984 F.2d 321 (9th Cir. 1993); see Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362 (9th Cir. 1993). The Court has, therefore, rejected any argument that, "every person asserting a federal right is entitled to one unencumbered opportunity to litigate that right in a federal district court, regardless of the legal posture in which the federal claim arises." Allen, 449 U.S. at 103. A limitation on application of preclusion is that the litigant must have had a "full and fair opportunity" to litigate the issue in the earlier case. Id. at 94; Montana v. United States, 440 U.S. 147 (1979). The federal courts must apply state law in determining the extent of preclusion. Migra, 465 U.S. at 81; Valley Wood Preserving, Inc. v. Paul, 785 F.2d 751, 753 (9th Cir. 1986).

//

//

Report and Recommendation - 8

### Application of Collateral Estoppel or Issue Preclusion

In Oregon,

> Three elements are necessary in order for a litigant to be barred from relitigating an issue decided in a previous action in which the litigant or one in privity with the litigant was a party: (1) the prior action must have resulted in a final judgment, (2) the issue or determinative fact to be established in the second case is identical to one which must have been determined in order for the result in the first case to have been reached, and (3) the party against whom the adverse judgment was previously rendered was given a "full, complete, and fair opportunity to litigate the issue." Bahler v. Fletcher, 257 Or. 1, 19 [] (1970).

Universal Ideas Corp. v. Esty, 68 Or. App. 276, 279-80 (1984). Issue preclusion applies to all issues "actually" and "necessarily" litigated in the previous case, Holmgren v. Westport Towboat Co., 260 Or. 445, 450-51 (1971) (citations omitted); Smejkal v. Rice, 273 Or. 687, 692 (1975); Flowers v. Campbell, 81 Or. App. 437, 439 (1986).

### Application of Res Judicata or Claim Preclusion

In Oregon,

> 'The doctrine of res judicata applies when a subsequent action has been brought by one party against another party to a prior suit. If the two cases involve the same "claim, demand or cause of action," then the judgment in the first suit not only bars all matters actually determined, but also every other matter which might have been litigated and decided as incidental to or essentially connected therewith either as a claim or a defense.'

Lemke v. W. Homes & Land Co., 65 Or. App. 529, 532 (1983) (quoting W. Baptist Home Mission Bd. v. Griggs, 248 Or. 204, 209 (1967)); McAllister v. Charter First Mortg., Inc., 279 Or. 279, 285 (1977).

Defendants, who have the burden of proof on the issue, argue both that the same issues of law and fact have been litigated in the state criminal proceedings, and that Plaintiff could have raised all of his constitutional claims as part of the state proceedings. There is nothing in the

Report and Recommendation - 9

record to suggest that any of Plaintiff's constitutional issues were actually and necessarily litigated in the state court. Although Plaintiff could have raised the constitutional claims, this court does not find that Plaintiff had a "full, complete, and fair opportunity to litigate" the claims in the state court violation proceeding. As a practical matter, these constitutional claims were not defenses to the violation charge but are independent claims. See McCurry, 449 U.S. at 94-95. The court does not find that it would be fair to apply claim preclusion under theses facts. Therefore, neither claim preclusion nor collateral estoppel apply to bar Plaintiff's § 1983 damages claims in this case. Defendants' motion on the ground of preclusion should be denied.

### 3. State Common Law

Defendants argue that under Oregon common law, a criminal conviction bars a later civil action for false arrest and related claims because the conviction establishes probable cause for the arrest as a matter of law. Defendants cite four cases. These cases do not appear to be entirely on point. In Peebles v. Yamhill County, 26 F. App'x 643, 645 (9th Cir. 2001),[1] (citing Bacon v. City of Tigard, 81 Or. App. 147 (1986)), the District Court for the District of Oregon granted summary judgment on plaintiff's § 1983 damages action for false arrest and related state claims. Plaintiff appealed. The Ninth Circuit affirmed after finding probable cause for the arrest based on a factual analysis rather than simply a prior criminal conviction. In Bacon v. City of Tigard, 81 Or. App. 147, 149-50 (1986), plaintiff was arrested on a warrant and then cited for being a minor in possession of alcohol. The warrant turned out to be for a different person with the same

---

[1] Peebles is an unpublished case issued before January 1, 2007, which may not be cited to the court. 9th Cir. R. 36-3(c).

Report and Recommendation - 10

name. Plaintiff was later convicted on that offense. Plaintiff then brought a damages action for false imprisonment based on the arrest on the warrant. Plaintiff there did not dispute that the officer had probable cause to arrest him on the minor in possession charge. The appeals court upheld the trial court's grant of summary judgment in the case. The appeals court held that the imprisonment could not be false if there was any true reason for it, and plaintiff's false imprisonment charge was barred. (Citing Le Roy v. Witt, 12 Or. App. 629, 631 (1973), and McLean v. Sanders, 143 Or. 524, 527 (1933), infra.) In Le Roy v. Witt, 12 Or. App. 629, 631 (1973), the appeals court held that "[i]f a person is arrested for two or more offenses simultaneously, probable cause for one charge is a complete defense to an action of false imprisonment." The court reviewed the factual record at trial on the issue of probable cause, stating that, "resolution of the question of probable cause for arrest on either of the charges depends upon which of the parties the court believed." The earliest case cited by Defendants, McLean v. Sanders, 143 Or. 524, 527-28 (1933), concerned an arrest and imprisonment for disorderly conduct and a subsequent trial in municipal court. On appeal, the court found that the weight of authority supports a rule that, "where a person has been convicted . . . of a crime or the violation of a municipal ordinance, an action for false imprisonment will not lie." The court did not apply the rule, however, finding that the record did not support dismissal since there was no record of a conviction in municipal court.

     These cases do not clearly hold that under all circumstances a criminal conviction as a matter of law precludes a later damages case for false arrest. While the court recognizes that, depending on the facts of a particular case, that could well be the result where there is a criminal conviction, there is no criminal conviction in this case. The court does not agree with defendants'

Report and Recommendation - 11

argument that plaintiff's conviction on a violation here was a criminal conviction. It is unclear how a municipal violation was treated at the time the McLean case, supra, was decided. Since then, there have been statutes enacted providing that violation proceedings are civil proceedings. The court in Page, 200 Or. App. at 61, supra, found that, "the legislature intended ORS 161.566 (2001) to create civil proceedings for violations." As previously stated, a violation proceeding does not include all the trappings of a criminal proceeding, ORS 153.076, and "[c]onviction of a violation does not give rise to any disability or legal disadvantage based on conviction of a crime," ORS 153. 008(2). For the reasons stated, the court has found, supra, that, while there was some indicia of a criminal proceeding, plaintiff's prosecution was not criminal in nature.

Accordingly, this court declines to apply the rule advanced by defendants in the context of this case where Plaintiff was convicted of a violation in a civil proceeding that did not have all the due process protections of a criminal trial. The court in State v. Plummer, 160 Or. App. 275, 279 (1999), explained the test for probable cause to arrest: "Probable cause has two components, an objective one and a subjective one. 'An officer must subjectively believe that a crime has been committed and thus that a person or thing is subject to seizure, and this belief must be objectively reasonable under the circumstances.'" This court finds that there are material issues of fact as to the probable cause for Plaintiff's arrest. Defendants' motion for summary judgment as to Plaintiff's state claim should be denied.

## RECOMMENDATION

Based on the foregoing, Defendants' motion for summary judgment (#14) should be denied.

Report and Recommendation - 12

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by December 6, 2010. If objections are filed, any response to the objections are due by December 23, 2010,* see Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this /6 day of November 2010.

_____
MARK D. CLARKE
United States Magistrate Judge

Report and Recommendation - 13